PATSY JEAN and JOSEPH HENRY O'NEILL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
O'NEILL v. COMMISSIONER
Docket No. 724-78.
United States Tax Court
T.C. Memo 1979-156; 1979 Tax Ct. Memo LEXIS 365; 38 T.C.M. (CCH) 688; April 23, 1979, Filed *365 Patsy Jean and Joseph Henry O'Neill, pro se. Ruth E. Salek, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent determined a deficiency of $198.00 in the joint Federal income tax return of petitioners for the taxable year 1975. The only issue for decision is whether petitioners are entitled to deductions for child care expenses incurred during the year in question. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners Joseph Henry and Patsy Jean O'Neill, husband and wife, filed a joint Federal income tax return for the taxable year 1975. Act the time of the filing of the petition herein, petitioners resided in Norwalk, California. During the taxable year 1975, petitioner Patsy Jean O'Neill was employed full time by National Pet Food Corporation and petitioner Joseph Henry O'Neill attended school on a full-time basis. Petitioners expended $1,275 for the care of their three-year-old child during the taxable year 1975. OPINION Petitioners deducted child care expenses *366 in the amount of $1,275 on their joint Federal income tax return for the taxable year 1975. During the taxable year 1975, petitioner Patsy Jean O'Neill was gainfully employed outside her home and petitioner Joseph Henry O'Neill was a full-time student. In his notice of deficiency, respondent disallowed the deduction for child care expenses on the grounds that petitioners failed to meet the requirements of section 214. [1]
Petitioners contend that the Tax Reform Act of 1976, which by virtue of section 44A repealed section 214, should be applied retroactively to their case. We do not agree. As in effect during the taxable year 1975, section 214(e) allowed a deduction for child care expenses in the case of a married taxpayer only if (a) both spouses were gainfully employed on a substantially full-time basis or (b) one spouse was physically or mentally incapable of caring for himself. (Emphasis added.) Petitioner, Joseph Henry O'Neill, attended school on a full-time basis during the year in issue. This Court has previously determined *367 that a taxpayer's status as a full-time student fails to meet the "gainfully employed on a substantially full-time basis" requirement of section 214. See ; . Also, no evidence was presented that either petitioner was physically or mentally incapable of caring for himself/herself. Therefore, respondent's determination that petitioners did not meet the criteria as set forth in section 214 so as to allow a deduction for child care expenses is correct. The Tax Reform Act of 1976, Pub. L. 94-455, repealed section 214 and provided for taxable years beginning after December 31, 1975, that the amount expended for child care services would be allowed as a tax credit. Section 44A, as added by the Tax Reform Act of 1976 alters prior law so as to allow the child care expenses credit to be claimed by a married couple where one spouse is a full-time student. Petitiners urge us to retroactively apply section 44A to the instant case. However, it is a well decided axiom of tax law that deductions are a matter of legislative grace. . *368 Unfortunately for petitioners, Congress did not implement the statute concerning child care expenses until 1976. Statutes are not to be given retroactive effect unless the legislature so expressly provides. ; .There was no express legislative intent to make the Tax Reform Act of 1976 applicable to taxable years before 1976. As a result, petitioners' allegation that section 44A was applicable to the taxable year 1975 is without merit. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the taxable years in issue, unless otherwise noted.↩